## CASSIERE v. CUBAN COFFEE MILLS et al. (ROBINSON et al., Interveners).

### No. 5480.

Court of Appeal of Louisiana.
Second Circuit.

June 30, 1937.

M. T. Monsour, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellees.

HAMITER, Judge.

A solidary judgment for $6,750 with interest and attorney's fees, was obtained in this cause, on confirmation of default, by plaintiff against J. M. Robinson and others. Subsequently, a writ of fieri facias issued from the judgment, directed to the named defendant, and certain livestock was seized.

While advertisement of the property was taking place, formal oppositions to the seizure were filed by Miss Norma Robinson and J. M. Robinson, Jr. Therein the former asserted ownership to nine Jersey cows, twenty head of one and two year old Jersey heifers, twelve baby calves, and a saddle mare named "Red" and colt. The latter claimed to be the owner of one black saddle mare named "Beauty" and colt, one bay mare named "Nancy" and colt, one blazed-faced stallion named "Ball," one black, white-faced brood sow, ten shoats and two heifers. Each prayed that the alleged ownership be judicially recognized and the stock ordered released, and that damages be awarded for wrongful seizure.

These oppositions were placed at issue through the filing of answers by plaintiff, and a trial was had. Judgments were rendered and signed recognizing third opponents as the owners of the livestock respectively claimed by them, ordering the release thereof, and decreeing each to be entitled to damages in the amount of $50.

Upon the overruling of his motion for a new trial, plaintiff Cassiere appealed from the judgments. Answers have been filed in this court by third opponents in which they seek statutory damages for alleged frivolous appeals.

The case presents for determination a question of fact, viz.: Who owned the seized property?

The opponents live with and are the children of the judgment debtor, J. M. Robinson. All of these parties, and also the wife of said debtor, testified emphatically and unequivocably that the seized animals belonged to opponents. They explained that some were purchased with funds earned and saved by the children, others were acquired through donations from relatives and friends, while many were offsprings of the purchased and donated animals. Their testimony was corroborated in some respects by other witnesses.

In an effort to disprove opponents' asserted ownership, plaintiff Cassiere produced two witnesses. It does not appear, however, that their testimony contradicts to any material extent the proof adduced by opponents.

 Counsel for plaintiff argues that the evidence in the record is insufficient to sustain the oppositions to the seizure for the reason that the witnesses furnishing the important testimony are bound by blood ties, enjoy the same household and have a like interest to protect. It is the law of this state that the credibility of a witness may be diminished to some extent because of his being interested in the result of the suit in which he testifies, but that circumstance alone does not render him incompetent. Revised Civil Code, art. 2282. Under this doctrine, opponents' evidence is to be given some consideration, and as it stands uncontradicted, the oppositions must prevail.

Complaint is registered in this court regarding the trial judge's overruling of plaintiff's motion for a new trial. In that pleading, assertion is made that the judgment is contrary to the law and evidence and that since the trial mover has discovered evidence important to his cause, which he could not with due diligence have obtained before. The jurisprudence of Louisiana is to the effect that the granting or refusing of a new trial is largely discretionary with the district judge, and that an appellate court will not interfere with his rulings with respect thereto unless there has been an abuse of that discretion. We have thoroughly considered the motion, and are unable to say that said discretion has been abused in this case.

The claims for the assessment of damages against appellant, presented through answers to the appeals, are not impressive and are rejected. Plaintiff's counsel has filed in this court a well-prepared and lengthy brief in which he seriously discusses the evidence in the case and the law relative to the credibility of witnesses and the granting of new trials. This strengthens our conviction that the appeals were not taken for the purpose of delay.

The judgments appear to be correct, and they are affirmed.